UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. ROSEMAN,

    Plaintiff,                                             Civil Action No. 20-CV-12072

vs.                                                   HON. BERNARD A. FRIEDMAN

PATRICIA A. ADAMS, et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD**

        Plaintiff has filed a motion with this Court entitled "motion to vacate arbitration award" [docket entry 1]. Plaintiff seeks an order, pursuant to § 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, vacating the award in an arbitration that was compelled by Oakland County Circuit Court to resolve disputes between plaintiff and the sellers of residential property he purchased. The Court shall deny the motion and dismiss the matter for lack of subject matter jurisdiction.

        After purchasing a home in Farmington Hills, Michigan, in 2016, plaintiff sued the sellers and their real estate agents in Oakland County Circuit Court for violating Michigan's Seller Disclosure Act, Mich. Comp. Laws § 565.951 et seq. by failing to make certain disclosures regarding the property, e.g., the condition of the geothermal heating system, the existence of homeowner association fees, and the fact that the home was situated on a private road. On defendants' motion, the court enforced a clause in the purchase agreement requiring such disputes to be arbitrated, and the Michigan Court of Appeals affirmed that order. *See Roseman v. Weiger*, No. 344677, 2019 WL 2711291, at \*7 (Mich. Ct. App. June 27, 2019),

*appeal denied*, 933 N.W.2d 288 (Mich. 2019).  In May 2020 the arbitrators issued an interim award, and in June 2020 they issued a final award, both fully adverse to plaintiff.  *See* Pl.'s Mot. Ex. A.  Plaintiff now seeks to have these awards vacated.

This Court has no jurisdiction to entertain plaintiff's motion.  If plaintiff seeks an order vacating the arbitration award, he must apply to Oakland County Circuit Court, as that is the court that ordered the parties in this matter to arbitrate.  *See Rozanski v. Findling*, No. 330962, 2017 WL 1011530, at *6 (Mich. Ct. App. Mar. 14, 2017) (noting that Michigan law requires a party seeking to vacate an arbitration award to apply to the circuit court that ordered the arbitration to take place).  The FAA, which plaintiff purports to invoke, *see, e.g.,* Pl.'s Mot. at 1 ("COME NOW Plaintiff, John L. Roseman, Sr., pursuant to 9 U.S.C. § 10 of the Federal Arbitration Act"), does not by itself provide a jurisdictional basis.  As the Supreme Court has noted, "the Act does nothing [to bestow] federal jurisdiction but rather requir[es] an independent jurisdictional basis."  *Hall St. Assocs., L.L.C. v. Mattel, Inc*., 552 U.S. 576, 581-82 (2008) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).  *Accord Ford v. Hamilton Invs., Inc*., 29 F.3d 255, 257 (6th Cir. 1994) (noting that "[i]t is well established . . . that § 10 of the Arbitration Act does not constitute a grant of subject matter jurisdiction").  That is to say, the mere fact that a dispute has been arbitrated and that a party seeks to have the arbitration award vacated pursuant to § 10 of the Act does not in itself confer federal subject matter jurisdiction.  Rather, the federal district court where the motion to vacate has been filed  must have jurisdiction over the underlying subject matter, which is not the case here because this is a local property dispute between Michigan residents that involves no federal question.  Accordingly,

IT IS ORDERED that plaintiff's motion to vacate arbitration award is denied for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that this matter is dismissed for lack of subject matter jurisdiction.

                                                s/Bernard A. Friedman
                                                BERNARD A. FRIEDMAN
Dated: August 4, 2020          SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan